IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JOY SCHAEFER,

      Plaintiff,

v.

LAWRENCE TECHNOLOGICAL
UNIVERSITY and its BOARD OF
TRUSTEES,

      Defendant.

Hon.

No.   23-CV-10939

DEMAND FOR JURY TRIAL

Matthew J. Clark (P76690)
Gregory, Moore, Brooks & Clark, P.C.
*Attorney for Plaintiff*
28 West Adams Avenue, Suite 300
Detroit, MI 48226
(313) 964-5600
Matt@unionlaw.net

## COMPLAINT AND JURY DEMAND

Plaintiff Joy Schaefer ("Schaefer"), by and through her undersigned counsel, states the following:

### Introduction

1. This is an action arising out of Defendant Lawrence Technological University ("University") subjecting Schaefer to disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and associated ADA regulations.

1

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 as Plaintiff's claim under the ADA constitute a federal question.

3. Schaefer is a current resident of Kent County, Michigan.

4. The University is a Domestic Nonprofit Corporation based and doing business in Oakland County, Michigan.

5. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) as this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## Administrative Prerequisites

6. Prior to the filing of this lawsuit, Plaintiff filed a timely charge of disability discrimination/ retaliation under the Americans with Disabilities Act with the Equal Employment Opportunity Commission (EEOC).

7. On January 24, 2023, the EEOC issued a Notice of Right to Sue within 90 days. Plaintiff timely files this suit following receipt of this Notice.

## Factual Allegations

8. Prior to May 13, 2022, Schaefer was employed by the University as a Senior Lecturer.

9. Schaefer is certified in online and hybrid teaching.

10. As a Lecturer, Schaefer was well-regarded by both students and colleagues.

2

11. Schaefer suffers from an anxiety disorder, which is a disability under the ADA.

12. Schaefer's anxiety disorder was exacerbated by the stress of the ongoing COVID-19 pandemic and other underlying health conditions known to increase the risk of contracting COVID-19 or causing a more serious course of illness.

13. On or about March 25, 2021, Schaefer submitted a request for an accommodation to the University. Exhibit 1. Schaefer requested teaching remotely for the 2021-2022 academic school year as an accommodation. Exhibit 1.

14. Schaefer and other faculty members had previously worked remotely without issue, including during earlier periods of the COVID-19 pandemic.

15. The University approved Schaefer's March 25 accommodation request.

16. Until August 24, 2021, Schaefer worked remotely pursuant to her accommodation request. The University had no issues and/or concerns with Schaefer's performance of her job duties during this period of time.

17. On August 24, 2021, the University notified Schaefer that it was rescinding the accommodation because the University was "operationally in-person." Exhibit 2.

18. Schaefer, attempting to dispute the revocation of her accommodation, contacted multiple University representatives who either directed her to other University representatives or failed to respond to her.

19. After weeks of her persistence, the University finally decided to reinstate her accommodation on September 17, 2021. Exhibit 3.

20. On or about December 17, 2021, the University notified Schaefer it was declining to renew her employment contract for the 2022-2023 academic year, claiming it was "filing a line dedicated to a full-time tenure-track position." Exhibit 4.

21. The reason that the University provided for declining to renew Schaefer's employment contract for the 2022-2023 academic year was false and pretextual.

22. The University was satisfied with Schaefer's performance of her job duties during her employment with the University.

## Count I
## Disability Discrimination/Failure to Accommodate/Retaliation in Violation of the ADA

23. Plaintiff realleges the preceding paragraphs as though fully stated herein.

24. The University is an Employer within the meaning of the ADA.

25. Schaefer is disabled within the meaning of the ADA.

26. Schaefer was able to perform the essential functions of the Senior Lecturer position with or without a reasonable accommodation.

27. Remote work is a reasonable accommodation under the ADA.

28. Remote work was a reasonable accommodation for the University to provide Schaefer under the circumstances.

29. The University took adverse action against Schaefer in the form of refusing to renew her employment contract for the 2022-2023 academic year.

30. The University's proffered reason for refusing to renew her employment contract was pretextual.

4

31. The University's actual reason for refusing to renew her employment contract was because she exercised her protected rights under the ADA.

32. Therefore, the University violated the ADA by refusing to accommodate, discriminating, and retaliating against her.

## Relief Requested

WHEREFORE, Plaintiff respectfully requests that this honorable Court enter judgment against Defendant as follows:

a. Declare that Defendant violated Plaintiff's rights under the ADA;

b. Award Plaintiff all damages to which she is entitled, including, but not limited to, all special, general, compensatory, exemplary, or other damages;

c. Award Plaintiff her reasonable attorney fees and costs;

d. Award Plaintiff pre-judgment and post-judgment interest; and

e. Award Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.

Respectfully submitted,

/s/ Matthew J. Clark
Matthew J. Clark (P76690)
Gregory, Moore, Brooks & Clark, P.C.
28 West Adams Avenue, Suite 300
Detroit, MI 48226
(313) 964-5600
Date: April 21, 2023     Matt@unionlaw.net